668 F.Supp.2d 1235 (2009)
RIVERPORT INSURANCE COMPANY, a Minnesota corporation, Plaintiff,
v.
OAKLAND COMMUNITY HOUSING, INC., a California corporation; Cahon Associates, a California limited partnership; The John Stewart Company, a California corporation; Charles Fowlkes, an individual; Greg Hyson, an individual; and Loren Sanborn, an individual, Defendants.
No. C 08-3883 VRW.
United States District Court, N.D. California.
November 6, 2009.
*1236 Dean J. McElroy, Bruce D. Celebrezze, Jamison Narbaitz, Michael Alan Topp, Sedgwick Detert Moran & Arnold LLP, San Francisco, CA, for Plaintiff.
Aaron Marcus Scolari, Elizabeth Williams, Esq., Katherine S. Catlos, Kaufman Dolowich Voluck & Gonzo LLP, San Francisco, CA, for Defendants.
VAUGHN R. WALKER, Chief Judge.
This action arose in August 2008, when plaintiff Riverport Insurance Company ("Riverport") sought declaratory relief that it was not obligated to defend or indemnify The John Stewart Company ("JS Co.") and Loren Sanborn ("Sanborn") (collectively "defendants") in an action pending in Alameda County superior court, Scroggins et al v. Oakland Community Housing, Inc ("Scroggins"). Doc. # 1. Riverport filed a first amended complaint (FAC) on June 15, 2009. Doc. # 132. In June 2009, the court granted summary judgment deciding that Riverport owed no duty to defend or indemnify JS Co. or Sanborn in Scroggins. Doc. ## 131, 140. The only remaining claim asserted by Riverport is for reimbursement, but Riverport filed a declaration indicating its intent to withdraw the claim, Doc. # 151, and reiterated its intent to do so at the November 5, 2009 hearing.
Defendants filed their answer to the FAC on August 31, 2008 and asserted two counterclaims. Doc. # 148. Riverport now seeks summary judgment on those counterclaims or, alternatively, asks the court to dismiss them pursuant to FRCP 12(b)(6). Doc. # 150.
In reviewing a summary judgment motion, the court must determine whether genuine issues of material fact exist, resolving any doubt in favor of the nonmoving party. "[S]ummary judgment will not lie if the dispute about a material fact is `genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. The burden of establishing the absence of a genuine issue of material fact lies with the moving party. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The admissible evidence presented by the nonmoving party "is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255, 106 S.Ct. 2505. Summary judgment is proper only if the moving party is entitled to judgment as a matter of law. FRCP 56(c). FRCP 56(f) permits the court to enter any "just order" if a party opposing summary judgment shows, by affidavit, that "for specified reasons, it cannot present facts essential to justify its opposition." For the reasons explained below, Riverport's motion for summary judgment is GRANTED.

*1237 I
Defendants' first counterclaim seeks declaratory relief that Riverport owed defendants a duty to provide notice of cancellation of the Riverport policies to defendants and that Riverport has a duty to defend and indemnify defendants in Scroggins. Id. at 7-8. Defendants' second counterclaim alleges that Riverport breached its duty of good faith and fair dealing because Riverport's failure to provide notice of cancellation of the policy at issue was "improper and unreasonable." Id. at 9. Riverport seeks summary judgment on both claims, arguing that Riverport owes no duty to defend or indemnify defendants in Scroggins and that defendants were not entitled to a notice of cancellation of the insurance policy. Doc. # 150. Defendants oppose the motion and have filed an affidavit under FRCP 56(f), Doc. # 155, asserting that they need time to conduct additional discovery regarding their status as insureds under the policy in order to oppose the motion.

A
With regard to defendants' first counterclaim seeking declaratory relief that Riverport has a duty to defend and indemnify defendants in Scroggins, Doc. # 148 at 8-9, Riverport argues that the court should adopt its previous rulings and hold that Riverport has no duty to defend or indemnify defendants. Doc. # 150 at 14 (citing Doc. # 131). Defendants counter that the relief sought in the first counterclaim is broader than the question already decided by the court, because defendants seek defense and indemnity under the professional liability coverage section in the policy, which the court did not consider in its previous ruling. Doc. # 157 at 6. Additionally, defendants seek coverage for the cross-complaint they recently filed in Scroggins. Id. Riverport responds that defendants had the opportunity to raise professional liability coverage at the previous summary judgment hearing but failed to do so; furthermore, Riverport argues that defendants are not covered under the professional liability coverage section and that defense and indemnity coverage does not extend to cross-claims asserted by defendants. Doc. # 159 at 6-10.
The court has previously held that Riverport has no duty to defend or indemnify defendants in Scroggins. Doc. # 131 at 9-11. While the court is not bound by its previous decision, the court nevertheless adopts its previous reasoning because the claims in Scroggins for which defendants seek defense and indemnification are not covered due to the habitability exclusion in the Riverport policy. Id.
The additional grounds for coverage put forth by defendants are unconvincing. Defendants are covered as additional insureds under the commercial general liability section' because they acted as "real estate managers." Doc. # 55 at 16. The professional liability section does not provide coverage for real estate managers as additional insureds; moreover, nothing in the section extends coverage to defendants. Doc. # 159-1 at 5, 9. Defendants have not raised a genuine issue of material fact that they are covered under the professional liability section.
Defendants also argue that the duty to defend or indemnify arises because defendants have recently filed cross-claims in Scroggins. But defendants cannot be entitled to a defense for the cross-claims, as they are acting as claimants, not defendants.
Defendants have failed to raise a genuine issue of material fact that Riverport owes a duty to defend or indemnify them in Scroggins.

B
Defendants seek a declaratory judgment that Riverport breached its duty *1238 to provide notice of cancellation of the insurance policy when it notified Oakland Community Housing Incorporated of its intent to cancel on July 11, 2008. Doc. # 148 at 8-9. Under section 677.2 of the California Insurance Code, insurers are required to provide notice of cancellation in writing to the "named insured." At least one California court has noted that the notice requirement does not apply to additional insureds. Kotlar v. Hartford Fire Ins. Co., 83 Cal.App.4th 1116, 1121 n. 3, 100 Cal.Rptr.2d 246 (2d Dist.2000). No California court has held otherwise. Thus, whether defendants were entitled to notice of cancellation depends on their status as insureds.
Defendants argue that a certificate of liability insurance they received entitles them to status as a named insured under the policy. Defendants received a certificate of liability insurance from the Merriwether & Williams insurance agency. Doc. # 154 at 55. Riverport admits that the certificate was issued but argues that, as a matter of law, the certificate does not constitute an agreement between Riverport and defendants. Doc. # 159 at 8. Riverport argues that the certificate in this case is simply "evidence that a policy has been issued." Id. (citing 13A Appleman, Insurance Law and Practice, § 7530 at 20).
The certificate itself states: "this certificate is issued as a matter of information only and confers no rights upon the certificate holder" and that: "the issuing insurer will endeavor to mail 30 days written notice to the certificate holder named to the left [JS Co], but failure to mail such notice shall impose no obligation or liability of any kind upon the insurer, its agents or representatives." Doc. # 154 at 55. Moreover, the certificate states that the policy expires on May 29, 2008before the notice of cancellation was issued. Id. Accordingly, it does not appear that the certificate gives rise to a legal obligation to provide defendants with written notice of cancellation.
Defendants also argue that the certificate of insurance provided Riverport with notice that defendants were covered under the insurance policy. Doc. # 157 at 7. Under California insurance jurisprudence, "named insureds" refers to individuals or entities who are specifically identified as named insureds in the policy. See Kotlar, 83 Cal.App.4th at 1121, 100 Cal.Rptr.2d 246. Defendants have not pointed to authority holding that additional insureds are transformed into named insureds simply because an insurer knows their identities. Here, defendants are not named insureds in the policy; instead, they receive were covered because of their status as real estate managers of the California Hotel. Doc. # 55 at 16.
Finally, defendants put forth a FRCP 56(f) affidavit asserting that Riverport's summary judgment motion is immature, as defendants need to conduct discovery to determine whether Riverport gave Merriwether & Lewis authority to issue the certificate and whether Riverport had knowledge that defendants were additional insureds. Doc. # 155. Because this additional evidence would not change the court's determination that, as a matter of law, defendants were not entitled to a notice of cancellation, defendants' FRCP 56(f) request is denied.
Defendants have not raised a genuine issue of material fact that they were named insureds under the Riverport policy. Accordingly, defendants are not entitled to a declaratory judgment that Riverport should have provided them notice of cancellation of the policy.

C
Defendants' second and final counterclaim alleges that Riverport breached its *1239 duty of good faith and fair dealing by failing to provide a notice of cancellation to defendants. Doc. # 148 at 9. As just discussed, Riverport was not obligated to provide defendants with a notice of cancellation. Moreover, defendants do not allege that Riverport failed to provide bargainedfor coverage to defendants. Cf. Spindle v. Travelers Ins. Cos., 66 Cal.App.3d 951, 958, 136 Cal.Rptr. 404 (2d Dist.1977).
Defendants' bad faith claim rests on the assumption that defendants were entitled to notice of cancellation, see Doc. # 157 at 9-10, but the court holds that defendants were not entitled to such notice. Accordingly, defendants' bad faith claim fails as a matter of law.

II
As described above, defendants have failed to raise genuine issues of material fact in support of their counterclaims. Accordingly, Riverport's motion for summary judgment, Doc. # 150, is GRANTED.
IT IS SO ORDERED.